# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFFREY L. MERRELL,** | ) | CASE NO. 8:11CV74 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **DOUGLAS COUNTY, NEBRASKA,** | ) | **AND ORDER** |
| **JEFFERY NEWTON, BARBARA** | ) | |
| **GLAZER, WAYNE LOVETT, JOHN** | ) | |
| **SKANES, MICHAEL MYERS, and JOHN** | ) | |
| **DOES 1-50, and JANE DOES 1-50,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Defendants' Motion for Partial Dismissal (Filing No. 10). Having reviewed the (Amended) Complaint (Filing No. 9), and the parties' briefs (Filing Nos. 11, 14-1, and 17), the Court will grant the Motion, in part.

## FACTUAL BACKGROUND

Plaintiff Jeffrey L. Merrell ("Merrell") was employed by Defendant Douglas County, Nebraska (the "County") from 1990 until his termination in 2009. In general, Merrell complains that the individual Defendants "mistreated him and conspired against him" because of his age, race, disability, and sex. ((Amended) Complaint at 9.) Liberally construing his allegations, the Court infers that Merrell is a black male over the age of 40, and that he developed severe depression starting on or about March 13, 2009, causing him to be "permanently and totally disabled." (*Id.* at 5.)

Merrell presents four theories of recovery. First, he contends that the Defendants mistreated him and conspired against him on the basis of his age, race, disability and sex. Second, he contends that the Defendants harassed him, retaliated against him, and terminated him, violating his rights of substantive and procedural due process. Third, he

contends that the "Defendant" (which the Court infers to be the County) "ritually violated its practices and procedures resulting in Plaintiff being harassed, retaliated against, and terminated in violation of applicable collective bargaining agreements." (*Id*. at 9-10.) Fourth, he contends that "some or all of the various Defendants engaged in a conspiracy to harass and terminate Plaintiff." (*Id*. at 10.) It is the third and fourth claims that the Defendants have moved to dismiss, because the (Amended) Complaint does not contain sufficient factual allegations from which it can be inferred that Merrell complied with relevant conditions precedent for bringing such actions.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Specifically, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id*. at 556.

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

2

and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Merrell's third and fourth claims arise under state law. The County, as a political subdivision, enjoys sovereign immunity from state-law actions except where such immunity has been set aside expressly by the Nebraska legislature. See *Cotton v. State*, No. S-10-114, 2011 WL 2586342, at *6 (Neb., July 1, 2011) ("Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.") Nebraska's legislature has waived sovereign immunity for political subdivisions under a contract claims statute (Neb. Rev. Stat. § 23-135 (Reissue 2007)) and under a tort claims act (Neb. Rev. Stat. § 13-901, *et seq.* (Reissue 2007)).

3

Merrell's third claim arises in contract. Nebraska Revised Statute § 23-135 provides the exclusive procedure for contract claims against counties. *Hoiengs v. County of Adams,* 516 N.W.2d 223, 236 (Neb. 1994) ("[I]t has long been held that the statute applies to all claims [against a political subdivision] arising from or out of a contract."). Under that statutory procedure, such a claim must be submitted to the county clerk within 90 days from the time the claim arises. (Neb. Rev. Stat. § 23-135(1).) Nothing in the (Amended) Complaint suggests that Merrell submitted his contract claim to the County within 90 days of the time it arose, or at *any* time before the filing of his initial Complaint -- more than one year after his termination. Accordingly, Merrell's third claim is not plausible, and it will be dismissed, without prejudice.

Merrell's fourth claim arises in tort. Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901, *et seq.*, (Reissue 2007), provides the exclusive procedure for tort claims against counties. See *McKenna v. Julian*, 763 N.W.2d 384, 389 (Neb. 2009) ("[T]ort actions against political subdivisions of the State of Nebraska are governed exclusively by the PSTCA."). It also provides the exclusive procedure for tort claims against county employees acting in the scope of their employment. *Id*. at 391 ("Where a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA."). Under Neb. Rev. Stat. § 13-919(1), the claimant must submit a written claim to the county within one year of the accrual of the claim, or it is barred. Again, nothing in Merrell's (Amended) Complaint suggests compliance with the statutory mandate. Merrell argues that his fourth claim against the individual Defendants should be construed as alleging that they acted outside the scope of their employment when engaging in "a

4

conspiracy to harass and terminate" him.  The Court will construe the (Amended) Complaint liberally, and will dismiss the fourth claim only with respect to the County.

IT IS ORDERED:

1. The Defendants' Motion for Partial Dismissal (Filing No. 10) is granted in part, as follows:

    a. The Plaintiff's third theory of recovery is dismissed, without prejudice; and

    b. The Plaintiff's fourth theory of recovery is dismissed, without prejudice, as to the Defendant Douglas County, Nebraska;

2. The Motion is otherwise denied; and

3. The Defendants will respond to the (Amended) Complaint on or before August 15, 2011.

DATED this 28th day of July, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge